# IN THE COURT OF APPEALS OF IOWA

No. 14-1539
Filed March 9, 2016

**MICHAEL KELLEY JEFFERY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Lee (South) County, John M. Wright, Judge.

Applicant appeals the district court's summary disposition of his postconviction action on the ground the application was untimely. **AFFIRMED.**

William R. Monroe of Law Office of William Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Kelli Huser, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Applicant Michael Jeffery appeals the district court's summary disposition of his postconviction action, finding his application was untimely. Jeffery did not file his application for postconviction relief within the three-year statute of limitations in Iowa Code section 822.3 (2011). Jeffery claims his application is untimely due to ineffective assistance of counsel. We affirm the decision of the district court.

Jeffery was convicted of first-degree kidnapping and first-degree robbery. His convictions were affirmed on appeal. *State v. Jeffery*, No. 02-0353, 2003 WL 122361, at *3 (Iowa Ct. App. Jan. 15, 2003). Procedendo was issued on April 25, 2003.

Jeffery's present application for postconviction relief was filed on October 22, 2012.[1] He claimed he received ineffective assistance because defense counsel: (1) did not object when the State failed to give adequate notice of witnesses offered in rebuttal of his alibi; (2) did not object to certain jury instructions; (3) did not argue there was insufficient evidence of his specific intent to cause injury to the victim; (4) did not present sufficient evidence of his alibi; and (5) did not argue the definition of serious injury had changed.

The State filed a motion for summary disposition, asserting Jeffery's application was untimely under section 822.3. Jeffery resisted the motion. The district court entered an order granting the State's motion for summary

---

[1] This is Jeffery's second application for postconviction relief. The first application is discussed in *Jeffery v. State*, No. 04-0351, 2005 WL 67591, at *1 (Iowa Ct. App. Jan. 13, 2005).

disposition, finding Jeffery's application was outside the three-year statute of limitations and the issues he raised could have been brought within the three-year period. Jeffery appeals the decision of the district court.

Jeffery claims the district court erred by granting the State's motion for summary disposition. He states his failure to raise his claims earlier was due to ineffective assistance from trial, appellate, and postconviction counsel. We review a district court's ruling finding an application for postconviction relief was untimely for the correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). We will affirm if the court's findings of fact are supported by substantial evidence and the law was correctly applied. *Id.* at 520.

Section 822.3 provides an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Procedendo was issued in Jeffery's direct appeal on April 25, 2003, and his application for postconviction relief was filed on October 22, 2012. The application is thus untimely unless it comes within the exception for "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. We find no error in the district court's conclusion, "Any issue raised by the Application, or the Amended Application, could have been raised within the three years following the Procedendo in his case."

We affirm the decision of the district court denying Jeffery's application for postconviction relief on the ground the application was untimely under section 822.3. The case involves the application of well-settled rules of law to a recurring

factual situation and further discussion would not augment or clarify existing case law.  *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**